UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:09CR299-DJS |
| | ) |
| NATHAN MAXWELL, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Now before the Court is the report and recommendation of the United States Magistrate Judge recommending that defendant's motion to suppress evidence and statements be denied, and defendant's objections thereto. Pursuant to 28 U.S.C. §636(b), the Court must give *de novo* consideration to those matters to which objections are made. The magistrate judge held an evidentiary hearing on defendant's motion, at which both the arresting officer and the defendant testified. Defendant objects to a number of the magistrate judge's factual findings, contending that they are inconsistent with the testimony and evidence, including the video of the traffic stop at issue. As a result, in order to conduct the required *de novo* review "the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989).

Rule 59(b)(2) of the Federal Rules of Criminal Procedure, applicable to a magistrate judge's handling of "Dispositive Matters," provides that "[u]nless the district judge directs otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient." The 2005 Advisory Committee Notes to the rule

indicate that "dispositive matters" includes motions to suppress. The rule appears to require a written transcript for the district court's review. In any event, here, where the hearing was some 90 minutes long, and the issues require the comparison of the contrary testimony of the deputy sheriff and the defendant at different points in the record, use of the recording is unworkable.[1] Rule 59(b)(2) further provides that "[f]ailure to object in accordance with this rule waives a party's right to review." As the docket reflects no request by defendant for the transcription of the electronically recorded evidentiary hearing, the Court will order that defendant promptly order and pay for an expedited transcript of the evidentiary hearing, as the rule requires.

Accordingly,

**IT IS HEREBY ORDERED**, pursuant to Fed.R.Crim.P. 59(b)(2), that defendant forthwith order and pay for the expedited preparation of a transcript of the evidentiary hearing before the United States Magistrate Judge, in support of his objections to the magistrate judge's report and recommendation. Failure to comply may result in the waiver of defendant's right of review of the magistrate judge's findings and conclusions.

Dated this \_\_\_\_1st\_\_\_\_\_ day of July, 2009.

                                             /s/Donald J. Stohr
                                             UNITED STATES DISTRICT JUDGE

---

[1] Defendant has expressly requested a "de novo review of the transcript of the hearing," although he has failed to provide one for the Court's use. Motion to Continue [Doc. #34], ¶5.