```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:09CR299-DJS |
| ) | |
| NATHAN MAXWELL, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Now before the Court is the report and recommendation of the United States Magistrate Judge recommending that defendant's motion to suppress evidence and statements be denied, and defendant's objections thereto. Pursuant to 28 U.S.C. §636(b), the Court must give *de novo* consideration to those matters to which objections are made. The magistrate judge held an evidentiary hearing on defendant's motion, at which both the arresting officer and the defendant testified. Defendant objects to a number of the magistrate judge's factual findings, contending that they are inconsistent with the testimony and evidence, including the video of the traffic stop at issue.

As a result, in order to conduct the required *de novo* review "the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989). The transcript of the magistrate judge's evidentiary hearing is now filed of record and has been reviewed by this Court in undertaking its review of defendant's

objections.  The Court has reviewed the video of the traffic stop as well.

Defendant first challenges as inconsistent with the video evidence the magistrate judge's finding that defendant appeared nervous with eyes darting from side to side. Based on its review of the video, the Court finds that the fixed viewpoint of the video camera renders the video incapable of definitively evidencing whether or not defendant appeared nervous and whether his eyes darted from side to side.  On these particular points, the perception of (and hearing testimony of) the officer who stood close to the defendant and was interacting with him is clearly superior evidence, which cannot be said to be defeated by the video.  The objection is therefore overruled.

Defendant next challenges as inconsistent with the video the finding that, as he exited the car, defendant made the statement, "You know what's going on."  The Court readily overrules this objection, as the video is incapable of contradicting the finding, due to the lack of clear audio at that point.  Defendant argues that the deputy would have included such a statement in his report and that he admitted in his testimony that he did not.  The absence of the statement from the report does not, in the Court's view, militate heavily against the credibility of the deputy's testimony.

Next defendant challenges the finding that there was a readily observable bulge in defendant's left front pocket, another fact omitted from the deputy's report.  Despite the omission from the report, the bulge is visible on the video, and would have been even moreso to the deputy on the scene.  Further, the video shows that the

very first move of the deputy's frisk of the defendant, once he was leaned on the cruiser's hood, was to reach for the protrusion in that left front pants' pocket. This fact supports the credibility of the deputy's claim that he saw the bulge in defendant's clothing. This objection is overruled.

Defendant contends that, contrary to the magistrate judge's finding, consent to search defendant's person was never sought prior to his being handcuffed by Deputy Manley, and that the finding is not supported by the evidence, including the deputy's testimony. Deputy Manley testified that he asked for permission to search the defendant roughly concurrent with patting down the bulge in defendant's pocket. Transcript [Doc. #39], p.26; pp.27-28. As the video shows, Manley handcuffed defendant immediately after manipulating the bulge in defendant's pocket and prior to reaching into the pocket to extract the contents. Given the absence of clear audio of the men's interaction, the video cannot confirm or refute what either man said during this portion of the events depicted. This Court's *de novo* review of the testimony (here mischaracterized by defendant) and the video in evidence warrants the overruling of defendant's objection. The Court's *de novo* review of the record results in the factual determination that between exiting his car and leaning on the patrol car's hood, defendant consented to a search of his person, and that this occurred prior to Manley placing defendant in handcuffs.

This determination is also fatal to defendant's argument that no reasonable person in handcuffs believes he has the right to refuse a search, even if the officer had advised him that he was not under

3

arrest, so that any consent then given was not voluntary, and any evidence and statements gathered thereafter should be suppressed. The finding of both the magistrate judge and this Court is that consent was sought and obtained *prior to* placing defendant in handcuffs. The challenge is therefore without merit and is overruled.[1]

Next defendant contends that the video shows that the money in defendant's left front pocket was not rolled up and was not several inches thick, so that the magistrate judge's finding on this point is inconsistent with the evidence. The magistrate judge's findings were that the item removed from defendant's pocket "was a brown paper sack, several inches tall," and that "currency had been rolled up inside the bag, and the bag had then been rolled up inside the pocket." R&R [Doc. #32], p.5. The finding as to the dimensions of the sack (not the currency itself) is not shown to be erroneous. Any dispute as to whether currency folded in half is accurately described as "rolled" is not shown to be of legal significance to the suppression analysis. These objections are therefore overruled.

Defendant contends that the magistrate judge erred in finding that Deputy Manley advised defendant of his <u>Miranda</u> rights while standing in front of the car, arguing that the video establishes that the <u>Miranda</u> warnings were given only later after seating defendant in

---

[1] Defendant separately argues that the initial pat-down frisk of defendant was non-consensual, and so permissible only based on reasonable suspicion that defendant was armed and dangerous. Defendant's challenges to reasonable suspicion are unavailing if the frisk was pursuant to consent to search, as the Court finds. This determination also renders irrelevant defendant's challenge to the deputy's credibility as to uncertainty whether the bulge in defendant's pocket was a weapon.

the squad car. The magistrate judge found that, after finding methamphetamine in defendant's right pants pocket, Deputy Manley advised defendant he was under arrest and of his Miranda rights. R&R [Doc. #32], p.6. The video carries no audio of this portion of the events, and so does not corroborate or refute the testimony of the deputy or of the defendant as to whether Miranda was addressed at this stage. The Court rejects defendant's objection, because the video is not capable of establishing the facts defendant urges.[2]

Defendant contends that consent to search his car was never sought nor obtained, and furthermore, would not have been voluntary with defendant in handcuffs and under arrest after methamphetamine was found in his pocket. Based on its *de novo* review, the Court finds that defendant did consent to the search of his vehicle. Deputy Manley's testimony to this effect [Transcript [Doc. #39], p. 10] is corroborated by the video which, although largely without audio, contains conversation in which defendant confirms to the deputy that something previously discussed will be found under the driver's seat.

Furthermore, at the point the car is searched, methamphetamine had been found in defendant's pants pocket and defendant was under arrest as a result. The search of the car was permissible pursuant to the so-called automobile exception because, incident to defendant's arrest relating to the drug possession and

---

[2] Clearly audible on the video is a later recitation of Miranda rights, as is reflected in the magistrate judge's findings: "He then *re-advised* Defendant of his rights under Miranda, as can be clearly heard on the video." Id. at 8 (emphasis added). The magistrate judge therefore found that Manley gave defendant the Miranda warnings two times at the scene.

5

based on the parties' conversation, it was reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle. Arizona v. Gant, --- U.S. ---, 129 S.Ct. 1710, 1719 (2009); United States v. Davis, 569 F.3d 813, 816-17 (8th Cir. 2009). Finally, the search of the automobile would have been permissible and inevitable as an inventory search, in view of the need for at least a temporary impoundment of the vehicle during defendant's arrest and transportation to the police station. For all these reasons, the objection to the search of the vehicle is overruled.

Finally, defendant argues that the Miranda warnings given at the police station come too late to cure the previous illegalities, consisting of the unwarranted nonconsensual pat-down, the illegal search of defendant's person and the car, and the failure to provide Miranda warnings at the scene even though a custodial interrogation occurred. Because the Court's findings and conclusions result in determinations that none of these alleged previous illegalities were in fact so, this final objection is overruled as without merit. Because the previous detention and search of the defendant were lawful, and included Miranda warnings at appropriate and necessary points, there was no prior taint that could not be removed by belated Miranda advice.

Accordingly, upon careful *de novo* review of all the evidence and of defendant's specific objections to the magistrate judge's factual findings and legal conclusions,

**IT IS HEREBY ORDERED** that defendant's objections to the report and recommendation [Doc. #36] are overruled.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [Doc. #32] is accepted and adopted.

**IT IS FURTHER ORDERED** that defendant's motion to suppress evidence and statements [Doc. #20] is denied.


Dated this ___31st___ day of August, 2009.


                                              /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE